865 A.2d 656

IN THE MATTER OF ROBERT J. HANDFUSS, AN ATTORNEY AT LAW (ATTORNEY NO. 021191983).

January 27, 2005.

## O R D E R

The Disciplinary Review Board having filed with the Court its decision in DRB 04–260, concluding that **ROBERT J. HAND-FUSS** of **MATAWAN**, who was admitted to the bar of this State in 1983, and who thereafter was suspended from the practice of

law for a period of three months, effective November 2, 2001, by Order of the Court filed October 5, 2001, and who remains suspended at this time, should be suspended from the practice of law for a period of one year for violating *RPC* 1.15(b) (failure to promptly deliver funds to a third person) and *RPC* 8.1(b) (failure to reply to a lawful demand for information from a disciplinary authority); and good cause appearing;

It is ORDERED that **ROBERT J. HANDFUSS** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that **ROBERT J. HANDFUSS** continue to be restrained and enjoined from practicing law during the period of his suspension, and that he continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State.